IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ROBERT O'DAY, on his own behalf
and others similarly situated,

    Plaintiff,

v.                                    **COLLECTIVE ACTION**

INVESTMENT AT LAKE
DIAMOND, LLC, a Florida
Limited Liability Company, d/b/a
Lake Diamond Golf & Country
Club,

    Defendant.
_____/

## COMPLAINT

## INTRODUCTION

1.    Plaintiff, ROBERT O'DAY, on behalf of himself and those similarly situated, sue the Defendant, INVESTMENT AT LAKE DIAMOND, LLC, a Florida Limited Liability Company, d/b/a Lake Diamond Golf & Country Club, for failing to pay minimum wages to all unpaid cart attendants, rangers and range pickers, however variously titled (hereinafter "cart attendants, rangers, and range pickers" or "class members") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), the Florida Minimum Wage Act, Florida Statutes §448.110 (FMWA), and Fla. Const. Art. X §24.

## JURISDICTION

2.    This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), 28 U.S.C. §1331 and 1337, the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110(6), and Fla. Const. Art. X §24.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Marion County, Florida and within the Middle District of Florida.

## PARTIES

4. Plaintiff, ROBERT O'DAY ("Named Plaintiff"), is an individual residing in Marion County, Florida, and is *sui juris,* and was employed by Defendant as a cart attendant.

5. Defendant, INVESTMENT AT LAKE DIAMOND, LLC, is a Florida Limited Liability Company that at all times material to this Complaint has owned and operated a golf course d/b/a Lake Diamond Golf & Country Club in Ocala, Florida in Marion County, within the jurisdiction of this Court.

6. The acts complained of herein were committed in Marion County, Florida.

7. The Named Plaintiff currently works for Defendant at its golf course in Ocala, Florida since September 2022.

8. The proposed class members are unpaid cart attendants, rangers and range pickers who worked for Defendant during any work weeks within the last five (5) years.

9. The Named Plaintiff and the proposed class members were subjected to the same violations of the FLSA and FMWA. More specifically, Defendant failed to pay any direct wages whatsoever to the Named Plaintiff and the other similarly situated employees. Instead, the Named Plaintiff and other similarly situated cart attendants, rangers and range pickers received the privilege to play golf at no charge (golf privileges) for carrying out their duties for Defendant but they were not paid by Defendant at the rate(s) of $8.25/hour in 2018, $8.46/hour in 2019, $8.54/hour for 2020, $8.65/hour from January 1, 2021 through

September 29, 2021, $10.00/hour from September 30, 2021 through September 29, 2022, and $11.00/hour from September 30, 2022 to the present, for each and every hour worked.

## GENERAL FACTUAL ALLEGATIONS

10. The Named Plaintiff and those similarly situated to him have worked as cart attendants, rangers and range pickers and were entitled under Florida law to be paid by Defendant at the rate(s) of $8.25/hour in 2018, $8.46/hour in 2019, $8.54/hour for 2020, $8.65/hour from January 1, 2021 through September 29, 2021, $10.00/hour from September 30, 2021 through September 29, 2022, and $11.00/hour from September 30, 2022 to the present, for each and every hour worked within the past five (5) years.

11. At all material times material to this Complaint during one or more work weeks within the last five (5) years, Defendant failed to pay any direct wages whatsoever to the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers for any of the hours they worked each week for Defendant.

12. More specifically, the Named Plaintiff worked for Defendant as a cart attendant between September 2022 and the present and regularly worked an average of two (2) days per week with shifts that typically ranged between seven and eight hours averaging a total of approximately fourteen to sixteen (14-16) hours per week, all without being paid the minimum wages required by Florida law for each and every hour worked for Defendant, such that based upon the Named Plaintiff being owed an average of 14-16 hours per week for each week that he has worked since September 2022.

13. At all times material to this Complaint, Defendant was engaged in interstate commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA and §448.110(6) of the FMWA.

14. At all times material to this Complaint, the annual gross sales volume of

Defendant was in excess of $500,000.00 per annum.

15. Defendant's employees ran credit and/or bank (debit) card transactions on a daily basis which transacted business in interstate commerce on a daily basis and also handled such goods as golf balls, golf clubs, golf carts, flagsticks, and golf ball range servers which had traveled in interstate commerce.

16. At all times material to this Complaint, Defendant has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by law.

17. At all times material to this Complaint, the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers were employees of Defendant within the meaning of the FLSA and FMWA.

18. At all times material to this Complaint, Defendant was an employer of the Named Plaintiff and the other similarly situated cart attendants, rangers, and range pickers within the meaning of the FLSA and FMWA.

19. At all material times material hereto to this Complaint, Defendant was subject to the Florida Constitution's provisions on minimum wages.

20. During the statute of limitations period, Defendant has employed the Named Plaintiff and dozens of other cart attendants, rangers, and range pickers ("class members" or the "class") at Lake Diamond Golf & Country Club in Ocala, Florida, who were subject to the same illegal pay policies and who worked positions and schedules that are similar to that of the Named Plaintiff.

21. The Named Plaintiff and the class members worked for Defendant within the State of Florida without being paid at least the full minimum wage for all hours worked due to Defendant's illegal policy and practice of attempting to use golf privileges as a substitute

for Defendant's obligation to pay the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers at the minimum wage required by Florida law for each and every worked for Defendant during one or more work weeks within the past five (5) years.

22. Defendant controlled and/or was responsible for the work of class members.

23. The Named Plaintiff and all similarly situated employees did a specific job for Defendant, namely retrieving, storing, cleaning, charging, refueling, and assigning golf carts, which was and is an integral part of Defendant's business in operating a golf course.

24. For the foregoing reasons, Defendant has violated and continues to violate the FLSA and FMWA and Florida Constitution's provisions on minimum wages.

25. As a result of Defendant's common policy, the Named Plaintiff and each similarly situated cart attendant is entitled to receive $8.25/hour for each hour worked in 2018, $8.46/hour for each hour worked in 2019, $8.54/hour for each hour worked in 2020, $8.65/hour for each hour worked from January 1, 2021 through September 29, 2021, $10.00/hour for each hour worked from September 30, 2021 through September 29, 2022, and $11.00/hour for each hour worked from September 30, 2022 to the present.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked for the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers are in the possession and custody of Defendant.

## LEGAL CLAIMS
### COUNT I as to Plaintiff and Other Similarly Situated Employees:
### Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206 By All Defendants

27. The Named Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 26 as though fully stated herein.

28. At all relevant times, Defendant has been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, under the

FLSA.

29. At all relevant times to this Complaint, Defendant employed, and/or continues to employ the Named Plaintiff and similarly situated cart attendants, rangers, and range pickers.

30. As set forth above, Defendant has throughout the applicable limitations period within the past three (3) years and continuing through the present, had a policy and practice of attempting to use tips paid by customers and golf privileges as a substitute for Defendant's obligation to pay the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers at the minimum wage required by Florida law for each and every worked for Defendant during one or more work weeks within the past three (3) years, with Defendant paying the Named Plaintiff and the other similarly situated cart attendants, rangers, and range pickers no direct hourly wages whatsoever.

31. Defendant's policy and practice violates the FLSA's minimum wage requirements.

32. Defendant's failure to pay the Named Plaintiff and other cart attendants, rangers, and range pickers the full minimum wage is a violation of the FLSA, 29 U.S.C. §§ 206 and 18(a).

33. The foregoing acts and conduct of Defendant, as alleged, constitutes a willful violation of the FLSA.

### COUNT II as to Plaintiff and Other Similarly Situated Employees: Failure to Pay Minimum Wages in Violation of Florida Minimum Wage Act F.S. §448.110 By Defendant

34. The Named Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 26 as though fully stated herein.

35. At all relevant times, Defendant has been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, under the Florida Minimum Wage Act.

36. At all relevant times to this Complaint, Defendant employed, and/or continues to employ the Named Plaintiff and similarly situated cart attendants, rangers, and range pickers.

37. As set forth above, Defendant has throughout the applicable limitations period within the past five (5) years and continuing through the present, had a policy and practice of attempting to use golf privileges as a substitute for Defendant's obligation to pay the Named Plaintiff and other similarly cart attendants, rangers, and range pickers at the minimum wage required by Florida law for each and every worked for Defendant during one or more work weeks within the past five (5) years, with Defendant paying the Named Plaintiff and the other similarly situated cart attendants, rangers, and range pickers no direct hourly wages whatsoever.

38. Defendant's policy and practice violates the Florida Minimum Wage Act's requirements.

39. Defendant's failure to pay the Named Plaintiff and other cart attendants, rangers, and range pickers the full minimum wage is a violation of the Florida Minimum Wage Act, F.S. §448.110.

40. The foregoing acts and conduct of Defendant, as alleged, constitutes a willful violation of the Florida Minimum Wage Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section

216(b) for violations of the FLSA, and F.S. §448.110, and pray for this Court to grant the following relief:

  A. To authorize the issuance of notice at the earliest possible time to all current and former employees who were employed by Defendant who were similarly deprived of minimum wages.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid minimum wages as required by the FLSA and the FMWA;

  B. To declare that Defendant has violated the minimum wage provisions of the FLSA, 29 U.S.C. §§ 206 and 18(a), and F.S. §448.110, as to Named Plaintiff and persons similarly situated;

  C. To declare that Defendant's violations of the FLSA and FMWA were willful;

  D. To award Named Plaintiff and other similarly situated current and former employees of Defendant adequate damages for the amount of unpaid minimum wage compensation they are owed, subject to proof at trial;

  E. To award Named Plaintiff and other similarly situated current and former employees of Defendant liquidated damages in an amount equal to the unpaid minimum wages shown to be paid late pursuant to 29 U.S.C. §216(b) and the FMWA;

  F. To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b) and the FMWA; and

  G. To award Named Plaintiff and other similarly situated current and former employees of Defendant their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and the FMWA.

### Jury Demand

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

**CONSENT TO JOIN
PURSUANT TO 29 U.S.C. §216(b)**

I, ROBERT O'DAY, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and Florida Minimum Wage Act, F.S. §448.110.


*/s/Robert O'day*
ROBERT O'DAY

Dated: January 24, 2023

                                                Respectfully submitted,

By: */s/Robert S. Norell, Esq.*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Named Plaintiff*