UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT O'DAY and WILLIAM WEBSTER, on his own behalf and others similarly situated**

    **Plaintiffs,**

v.                                                **Case No: 5:23-cv-59-GAP-PRL**

**INVESTMENT AT LAKE DIAMOND, LLC,**

    **Defendant.**

## ORDER

Before, the Court, upon referral, in this Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, case is the plaintiffs' motion for leave to contact putative collective members. (Doc. 36). Defendant objects to the extent that Plaintiffs' counsel seeks to contact putative class members by telephone. (Doc. 41 at ¶ 2). For the following reasons, the motion is **granted**.

On May 15, 2023, the Court granted Plaintiffs' motion to facilitate notice to putative class members, directing Defendant to produce a computer readable data file containing the names, addresses, and telephone numbers of putative collective members working for it for a three-year period within eleven days. (Doc. 24). In that Order, the Court approved Plaintiffs mailing of a Notice (the "Notice") to putative collective members. (Docs. 22 & 24). Pursuant to that Order, the defendant gave Plaintiffs a list of thirteen putative collective action members, noting that it lacked "both an address and telephone number for all of" them. (Doc.

36 at ¶ 3).[1] Instead, for five members, only addresses were provided; for the other six members, only telephone numbers were provided. *Id.* at ¶ 3. Plaintiffs represent that of the six telephone numbers, two are landlines and four are wireless numbers. *Id.*; (Doc. 41 at 2 n.1) (accepting, for purposes of Plaintiffs' motion and its objection, that two numbers are for landlines and four are wireless numbers).[2]

Now, Plaintiffs' counsel seeks leave to contact the six putative collective members whose phone numbers were provided. Specifically, as to the four wireless numbers, Plaintiffs' counsel would like to send a text message requesting an address for mailing of the Notice.[3] (Doc. 36 at ¶ 5). If no response is received within five days, Plaintiffs' counsel would like to call the wireless number "for the limited purpose of obtaining an address to which the Notice will be sent." *Id.* at ¶ 6. As to the two landline numbers, Plaintiffs' counsel seeks to call them "for the limited purpose of obtaining an address to which the Notice will be sent." *Id.* at ¶ 7. Defendant has no objection to Plaintiffs' counsel sending the initial text message to the

---

[1] Moreover, Defendant noted that due to a "lack of record-keeping . . . [it] is without knowledge of *all* of the names of . . . [all putative collective members] for a three-year period, and is also without *both* an address and telephone number for all of those known individuals." (Doc. 28).

[2] While Defendant argues that Plaintiffs provide no evidence or support for contending that the numbers are landlines, the Court accepts counsel's representation that the numbers are for landlines.

[3] Plaintiffs' counsel proposes sending the following text message to the wireless numbers:

> My name is Attorney Robert Norell. I represent current and former cart attendants and similar workers at the Lake Diamond Golf & Country Club who were classified as volunteers. The U.S. District Court for the Middle District of Florida has authorized distribution of a Notice to persons who were classified as volunteers about a lawsuit that may affect their legal rights. Lake Diamond provided your name and phone number as one of its volunteers but it does not have your current address. Please confirm receipt of this text message, and if you choose to do so, please provide me with a current mailing address so that we can send you the court-approved legal Notice. Responding with your address will create no obligation to take further action but will merely make it possible for you to receive the Notice by mail.

(Doc. 36 at ¶ 5).

wireless numbers, but objects to him calling the wireless and landline numbers. (Doc. 41 at ¶ 1).

First, as Plaintiffs' counsel points out, the purpose of seeking leave to contact putative collective members is to identify their current addresses to send the Notice. As noted above, Plaintiffs lack addresses for six putative collective members, and is sending the Notice through the mail rather than by text message (or telephone). Given that Plaintiffs' counsel lacks another method for identifying addresses to mail the Notice to these six putative collective members, it seems permissible for Plaintiffs' counsel to call them as he proposes. *See Ludlum v. C&I Eng'g, LLC*, No. 4:18-cv-05192-TOR, at *12 (E.D. Wash. May 16, 2019) ("Plaintiff's Counsel may follow-up the mailed Notice and Consent Forms with contact by telephone to those Putative Collective Action Members whose mailed contact information is incorrect or no longer valid"). While Defendant argues that *Ludlum* is unanalogous to the instant facts, it supports the instant determination, as here, Plaintiffs' counsel lacks "mailed contact information" for six putative collective members. Indeed, rather than using the telephone to follow-up on incorrect or invalid addresses, telephone calls are used to find an address to mail the Notice in the first instance.

Second, while Defendant contends that there "are certainly alternative, less intrusive means for Plaintiffs to identify mailing addresses for these individuals," it fails to identify any of those alternative means. (Doc. 41 at ¶ 9). Telephone calls seem particularly apt in the absence of an alternative method to identify the putative collective members' addresses.[4]

---

[4] *See, e.g.*, *Brown v. Body & Soul Servs., Inc.*, No. CV 16-0824, 2017 WL 2198192, at *5 (W.D. La. May 2, 2017), *report and recommendation adopted*, 2017 WL 2198623 (W.D. La. May 18, 2017) (allowing counsel to first provide notice to prospective class members by mail, and "if any notices are returned as undeliverable, then defendants would provide plaintiff with telephone numbers and/or email addresses" for purposes of notice).

Likewise, Defendant argues that contact by telephone constitutes an invasion of privacy but without an alternative method to ascertain the putative collective members' addresses, an invasion of privacy appears unavoidable. (Doc. 41 at ¶ 4) (quoting *Tomassi v. City of L.A.*, No. CV 08-1851 DSF (SSx), 2008 WL 4722393, at *3-4 (C.D. Cal. Oct. 24, 2008)).

Finally, Defendant argues that if the Court permits Plaintiffs' counsel to contact the putative collective members via telephone, the Court should require Plaintiffs' counsel to adhere to a script and only allow Plaintiffs' counsel to call each putative class member once. (Doc. 41 at ¶ 10) (quoting *Contreras v. Land Restoration LLC*, No. 1:16-CV-883-RP, 2017 WL 663560, at *8 (W.D. Tex. Feb. 17, 2017)). In *Contreras*, the court provided that plaintiffs could only call putative class members once "for the purpose of ensuring receipt of the notice and consent forms." 2017 WL 663560, at *8. There, the plaintiffs had not requested telephone numbers for the purpose of notice. *Id.* Instead, the plaintiffs were "permit[ted] to distribute notice through mail, email, posting at the workplace, and inclusion in current employee's paychecks." *Id.*

Unlike *Contreras*, here, Plaintiffs are distributing notice solely through the mail. (Docs. 22, 24, 36). Moreover, unlike *Contreras*, Plaintiffs' counsel seeks to call putative collective members to identify an address for mailing the Notice, as opposed to calling to confirm an address and receipt of the notice. Indeed, if Plaintiffs' counsel does not receive a response to his text message, then there is no address to confirm, or notice provided. *See* (Doc. 36 at ¶ 5), *supra* note 1 at 2. While a confirmation call may sensibly be limited to a single occurrence, here, the plaintiffs are far from confirming the receipt of the notice to the putative collective members. Instead, Plaintiffs are trying to ascertain addresses to deliver the Notice. Hence, more than one call to the same phone number may be necessary to identify an address for

delivery of the Notice.[5] However, Plaintiffs' counsel is cautioned to avoid unnecessary and intrusive calls to putative collective members.

Further, to the extent that Defendant argues that Plaintiffs' counsel should be required to adhere to a script when calling the putative collective members, the Court agrees. Because Defendant presents no objection to Plaintiffs' proposed text message script, it seems appropriate to adopt a version of it with minor modifications for Plaintiffs' counsel's phone calls. The Court proposes the following script:

> My name is Attorney Robert Norell. I represent current and former cart attendants and similar workers at the Lake Diamond Golf & Country Club who were classified as volunteers. The U.S. District Court for the Middle District of Florida has authorized distribution of a Notice to persons who were classified as volunteers about a lawsuit that may affect their legal rights. Lake Diamond provided your name and phone number as one of its volunteers but it does not have your current address. If you so choose, please provide me with a current mailing address so that we can send you the court-approved legal Notice. Responding with your address will create no obligation to take further action but will merely make it possible for you to receive the Notice by mail.

(Doc. 36 at ¶ 5). However, if counsel disagrees with the Court's proposed script, counsel shall confer and file an agreed-upon script with **seven days** of this Order.

---

[5] Other courts permit multiple phone calls to establish contact with the putative class member, for example, in *Brown*, the Court stated:

> Defendants also ask the court to restrict plaintiff to one attempt at calling or emailing potential collective class members, and to limit that communication to determining where a notice should be sent (for telephone calls) or stating that a copy of the notice is attached (for emails). The court agrees that contact should be limited to a recitation or provision of the notice on one occasion—*once contact is established*. However, plaintiff should be permitted multiple attempts to establish contact with those individuals for whom it is necessary to resort to notification via email and/or telephone.

*Brown*, 2017 WL 2198192, at *5 n.5.

**DONE** and **ORDERED** in Ocala, Florida on July 13, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties